JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: If a municipality, purposing to improve its sewer system, provides in the part of its published bond election proclamation included to comply with 62 O.S. 574 [62-574](B) (1976), that a certain amount of the bond proceeds shall be used to construct a sewage treatment plant at a specified general location (i.e., at a point near the intersection of two identified streets within the municipality), and the municipality thereafter changes the proposed location of the plant to another location within the same general area as originally proposed, would the municipality be in violation of the Bond Issue Proceeds Act or any other statutory provision if it constructs the plant at the subsequently approved location. The Bond Issue Proceeds Act, 62 O.S. 571 [62-571] (1976) et seq., was enacted by the Legislature in an effort to "guarantee to the citizens of the State of Oklahoma that the proceeds of bond issues approved by them will be expended only for the purposes or projects for which any such bond issue was approved." See 62 O.S. 572 [62-572] (1976). Specifically, 62 O.S. 574 [62-574](B) (1976) provides the following regarding publication of notice of bond elections: "At any election upon the question of issuing bonds, which if approved would require an ad valorem tax levy or pledging the full faith and credit of the State of Oklahoma, the governmental entity calling such election shall set forth in the call of election, in a legally qualified newspaper of general circulation in the area wherein said bond issue proceeds are to be expended, a general statement of all purposes and specific projects for which seventy percent (70%) of the proceeds shall be expended, with a further listing of the dollar amounts to be expended on each specific project. The dollar figure left unlisted as to specific projects shall not exceed thirty percent (30%) of the total amount of the bond issue." Thus, 62 O.S. 574 [62-574](B) requires that the notice of election set forth "a general statement of all purposes and specified projects" for which 70% of the proceeds will be spent. The section requires that the various "projects" (i.e., collector lines, lift stations, treatment plants) be identified and the amount to be spent on each designated but does not, by its terms, require that the precise location of the projects be specified. However, having specified a location in the election proclamation, care must be exercised to insure that the location stated is sufficiently accurate and not misleading. With respect to the proposition submitted to the electors for their vote, 64 C.J.S., Municipal Corporations, 1923(a) provides that the proposition: ". . . should be submitted in such a way as to obtain a full and fair expression of the will of the voters on its merits. It should be sufficiently definite to apprise the voters with substantial accuracy of what they are called on to approve, and must not be misleading, obscure, or equivocal . . . Slight misstatements contained in the proposition submitted to the voters do not necessarily invalidate the election where the voters have not been deceived or misinformed in any material respect . . . ." See also 26 Am.Jur.2d, Elections, 197. Similarly, in McQuillin on Municipal Corporations, Vol. 15, 1970 Rev. Vol., the following is provided concerning municipal bond elections: "The notice of election must state the purpose of the election and must be definite and not misleading. However, of course, if a notice is as definite as it can be made, under the circumstances, or if it contains a fair portrayal of the chief features of the proposition in words of plain meaning, it is sufficient . . . ." (40.07). * * * "While . . . suit may be maintained to test the validity of the election, in the absence of fraud, or attempt to mislead the voters, or express declaration in the law to the contrary, mere irregularities, which do not prevent a full and free expression of opinion of the will of the electors, and do not affect or change the result, will not invalidate the election. This rule has been applied to irregularities in . . . proclamations; notices; in calling the election . . . ." (40.14). * * * The above rule has been applied to municipal bond elections in Oklahoma. See Dunlap v. Williamson, Okl., 369 P.2d 631
(1962) and City of Tulsa v. Williamson, Okl., 276 P.2d 209
(1954). The rule is founded upon the general principle that "courts must, . . . whenever possible, uphold the validity of municipal bond elections." See City of Tulsa v. Williamson, supra. Indeed, bond elections are presumed regular and valid and the will of the majority is generally to be respected, even when irregularities of misinformation exist. See Arthur v. City of Stillwater, Okl., 611 P.2d 637 (1980) and Dunlap v. Williamson, supra. As to whether the general location for the plant stated in the election proclamation was sufficient to incorporate, and therefore to inform the electorate of, the currently proposed location for the plant depends upon the particular facts and circumstances involved. Furthermore, even assuming that the general location provided in the proclamation is incapable of incorporating the currently proposed location, the issue of whether such inaccuracy misled or misinformed the electorate to such a degree as to invalidate the bond election, is likewise a question of fact not answerable herein. Accordingly, it is the official opinion of the Attorney General that your question be answered as follows: (1) The purpose of the Bond Issue Proceeds Act, 62 O.S. 571 [62-571] (1976) et seq., and in particular, 62 O.S. 574 [62-574](B) of the Act, is to provide the public with notice of the purposes and specific projects for which bond issue proceeds will be expended. (2) However, if in addition to specifying such purposes and specific projects, the intended issuer of the bonds includes in the part of the bond election proclamation intended to comply with 62 O.S. 574 [62-574](B), the proposed location(s) of the specific project(s), care should be exercised to insure that the location(s) so provided is substantially accurate and not misleading. (3) As to whether an inaccurate or misleading statement of the proposed location(s) of the specific project(s) would be sufficient to invalidate the bond election depends upon the particular facts and circumstances involved. (Brent S. Haynie)